42 F.3d 1411
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Dillard GRAY, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 94-3168.
 United States Court of Appeals, Federal Circuit.
 Dec. 8, 1994.
 
 Before MICHEL, LOURIE, and RADER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Dillar Gray petitions for review of the final decision of the Merit Systems Protection Board, Docket No. SL0831930229-I-1, dismissing for untimeliness his appeal of the Office of Personnel Management's decision denying his request to modify his civil service annuity. Because the board did not abuse its discretion in determining that Gray failed to show good cause for his delay in filing, we affirm.
 
 DISCUSSION
 
 2
 On February 10, 1993, the Office of Personnel Management (OPM) issued a reconsideration decision that Gray was ineligible to modify his civil service annuity. OPM notified Gray of its decision by letter and further advised him that he had a right to appeal the decision to the board. The letter included filing instructions that informed him that he had twenty-five days to file such an appeal. Thus, Gray's appeal was due on March 7, 1993.
 
 
 3
 In response to OPM's decision, Gray contacted his Congressman, Congressman Harold Rogers of Kentucky, to request assistance in this matter. On February 18, 1993, within the deadline for filing a notice of appeal, Gray authorized Congressman Rogers to assist him in his request for an appeal. On the authorization form, Gray wrote: "Please consider this as request for appeal." In response to Gray's request, Congressman Rogers sent a letter to OPM on March 17, 1993, requesting further information on the case. Rogers's letter included the following statement: "[P]lease consider this as [Gray's] request for an appeal." On April 22, 1993, forty-six days after the regulatory time limit, Congressman Rogers filed an appeal on Gray's behalf with the board's St. Louis regional office.
 
 
 4
 The administrative judge (AJ), in an Acknowledgement Order issued on June 25, 1993, notified Gray that his appeal appeared to have been filed late and ordered him to show good cause for the delay. See 5 C.F.R. Sec. 1201.22(c) (1993). Gray responded that he was unaware of the time limit and that he did not file an appeal immediately because he needed to gather additional evidence to refute OPM's decision. The AJ rejected Gray's arguments and held that he had failed to show good cause for filing late. The AJ's initial decision became final when the board denied appellant's petition for review. See 5 C.F.R. Sec. 1201.113(b) (1993). Gray now petitions this court for review.
 
 
 5
 Our review is limited to whether the board's decision not to waive the regulatory time limit was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. Rowe v. Merit Sys. Protection Bd., 802 F.2d 434, 437 (Fed.Cir.1986). "[W]hether the regulatory time limit for an appeal should be waived based upon a showing of good cause is a matter committed to the board's discretion and this court will not substitute its own judgment for that of the Board." Mendoza v. Merit Sys. Protection Bd., 966 F.2d 650, 653 (Fed.Cir.1992) (in banc); see 5 U.S.C. Sec. 7703(c) (1988).
 
 
 6
 On appeal, Gray makes no intelligible argument in support of his petition. Moreover, the facts of the case do not indicate that the board abused its discretion. Gray's February 18th request for assistance from his Congressman cannot be considered an appeal within the regulatory time limit. In limited situations, the board has excused misdirected filings when there has been a reasonable error in filing with the wrong agency or office. See, e.g., Sanford v. Department of Defense, 61 M.S.P.R. 207 (1994). However, this case does not present such a situation. OPM properly notified Gray where and when to file an appeal. Based on this notice, Gray could not have reasonably believed that he could file his appeal by simply requesting assistance from his Congressman.
 
 
 7
 In addition, even if the March 17th letter from Congressman Rogers to OPM was considered a notice of appeal to the board, the notice was still ten days late. Gray may not show good cause for his late filing even if this delay was solely due to Congressman Rogers. An employee has personal responsibility to see that an appeal is timely filed, and the employee's good faith reliance on a representative is not good cause for waiver of a filing deadline. Rowe, 802 F.2d at 437.
 
 
 8
 Therefore, we cannot say that the board, after having considered the relevant facts, abused its discretion in concluding that Gray did not show good cause for failing to file his appeal before the regulatory time limit.